Good morning. If it please the court, Robert Chekatov for Abdullahi Nur. Good morning, Mr. Chekatov. Good morning, Your Honor. It's a rather simple case, at least from my perspective. Mr. Nur tried this case pro se, and given his closing argument, he was removed from his duties of representing himself, and his standby counsel was designated full counsel. And standby counsel requested a lesser-included offense instruction, now full counsel. And the discussion with the court is not about whether or not he's correct that the evidence supported such an instruction. It instead focuses on Mr. Nur's prior disinclination to request or have such an instruction. So it seems to me relatively clear that the evidence did support such an instruction. The quantity of drugs found on this person was relatively small, seven-plus grams of crack cocaine. The police officer testimony about what the street value of that would be is a little ambiguous, but I think the best-case scenario for the government would be about $730, about $100 a gram. Well, counsel, the amount itself was relatively small, as you indicate, but there was other evidence specifically his admission to the officer as well as the cash that was found in the hotel room. Right. Which collaborated his statement in the car. Well, he didn't make the statement in the car. He made the statement at the police station. And the cash is a relatively small amount of cash, too. It's $1,700, and the circumstances of getting it are a little ambiguous, because he did supposedly say to them that he had cash for bail at the house, and they went and they spoke to his girlfriend or some female associate of his, and she went to a location and gave them cash. One could draw the inference that would be his cash, but that's depending on her reliability, which really wasn't no one really heard from her in this case. Mr. Sheketoff, here's what I'm struggling with. Let's take the three prongs of the test here. Let's assume the first two are met. Okay. So we're down to whether the jury could rationally distinguish between the two offenses. I can see an argument that a jury could. They've got discretion to believe or not believe each little piece of a government's case as they would. And yet if that were the test, it would mean the third prong would always be met in every single case. So unless we're to hold that, it seems to me that we need to come up with some addition onto mere possibility of a jury just picking and choosing between parts of the government case, and we need to see if there's some particular reason why they would have picked one or the other. And here what I'm struggling with is the defendant put on no evidence at all, and in closing simply argued for complete exoneration. In other words, he dealt with the government's case as a single unity and said, never happened. So how do we get around, where is there some point above you always meet the third prong, and yet this one would work? Okay. So my response is, first, as a little aside, he said in his closing argument, never happened, I never had the drugs on me, period. And he also said, and I never intended to distribute any. So he said both. So here's the distinction I see. There's a break in the action, so to speak. A jury, a rational jury, could conclude that the cops didn't chase him and make up that they found the drugs on his person. That seems relatively credible, given his behavior and the corroborative circumstances of his behavior and his throwing up in the car and all the rest of it. That seems like something a jury could reasonably accept. And then the question becomes, when they get him back to the police station, is it necessary to believe the rest of the story in these circumstances? We know that the police officer has a motive, I don't mean, I mean as a generality, when there's a motive to enhance a little bit their case. And the only way to enhance their case in these circumstances when it's a small quantity, packaged in a way that doesn't necessarily suggest, it's not packaged as individual grants or half grants, to add a little bit. And there's particular reason in this case not to trust the police, because they have recording devices, according to their testimony, in two of the three rooms that they use to interrogate people, and they had an excuse for not using either one of those rooms. To my mind, a highly suspicious thing. Counsel, was that evidence, the evidence about the recording, was that brought out in the course of trying to cast doubt on the admissions? Well, it's hard to know. If you read the record, Your Honor, it's hard to know what exactly Abdullahi Nur was doing with any of his cross-examinations. But, I mean, but it is brought out. In other words. The jury had before it basis to conclude that there would be reason to doubt the statement. Right. Because they didn't use the room that had the recording device, the main room, because he didn't know the combination to get in the lock. All right. They didn't use the room that had the breathalyzer in it, even though they were going to give him a breathalyzer test, because it had the breathalyzer in it. And they didn't apparently have another recording device in the entire police department, and therefore they chose not to record this conversation. The Supreme Court of Massachusetts says in these circumstances, where you're at a police station or the functional equivalent, and you're interrogating a suspect, the failure to record it is something that we instruct the jury about. In other words, they're told to treat that with suspicion and a higher level of scrutiny. Assuming there's a basis along the lines you're suggesting for a rational jury to look at this evidence and conclude the physical evidence is different than the confession or the statement's evidence. That's right. And, therefore, then all you would look at for purposes of applying whether a rational jury could believe that you should get a lesser included charge, you just look at the physical evidence. You see how big it is, how plausible would it be that a jury could have concluded that it was possession, not intent to distribute. Assuming all that's right, some circuits, as you know, and as the government argues, but you don't address in your brief, I think, that there's a separate requirement that you not make a general innocence claim. In other words, if your theory of your defense is I didn't do it at all, you can't get the lesser included offense. That seems to be what the D.C. Circuit has suggested and some other circuits have suggested, and that's what the government presses in their brief. Could you just respond to that argument? I don't believe the First Circuit has yet taken that position. Right. We have a test that does not include that. Why shouldn't it include the test that the other circuits require? Well, the first reason that occurs to me is that our concept of a jury trial and our concept of instructions is to promote rational fact finding. And if there's a fair way to read the evidence so that a rational jury can conclude that a lesser included offense is, in fact, the right decision, why would we take it away from them? No matter what the other circumstances are. I mean, the whole idea is to promote rational fact finding. So I can't conceive of, you know, sort of these nitpicking little rules that say, well, in this circumstance we're not going to try and promote rational fact finding. Because what difference does it make in the end for the jury where the evidence comes from, whether it's the defendant or somebody else, the bottom line is to make a rational decision. And anything that promotes rational fact finding should be encouraged, not discouraged. And in this case, especially where you have a pro se litigant who, if you read the record, clearly does not know what he's doing, he might have a motive to get his testimony into the trial record in the form of an opening or closing, which the trial judge tried to deal with. But in terms of what he's doing, he clearly doesn't know what he's doing. To impose such a requirement seems particularly wrong to me. And in addition, he really did argue both. He said, you know, I didn't have it, but if I did have it, I didn't intend to distribute it. That was the short part of his closing argument that actually got in front of the jury. So in Massachusetts, for instance, the lawyers do not make this decision of whether or not a lesser included offense instruction is required. Because the case law in the state court in the SJC is that if a jury could reach this conclusion, the judge must instruct on it whatever the parties think. And I think that's my best answer to that question. Thank you. I'm Margaret McGoy for the United States. If I may begin by trying to answer Judge Barron's question, which I think also will answer Judge Kayada's question. Your question, if I understood it, was why should this circuit not agree with the five other circuits that have ruled that where the defense is a categorical denial of all guilt, why a lesser included instruction should not be given? And the answer is because to do other than agree with those circuits would effectively eliminate the third requirement of this court's test, which is that the evidence would permit a jury rationally to find the defendant guilty of a lesser crime but not guilty of the greater crime. Well, if he's not guilty of anything, how can he be guilty of the lesser crime but not guilty of the greater crime? And to answer the court's questions with respect to the evidence in this case, our position is that there is no basis either in the defendant's evidence. Before you get to that evidence point, just responding to the counsel's argument, it seems to me a little too quick to say that if the defendant seeks complete exoneration, that he's therefore forfeited any interpretation of the evidence that would admit of a rational conclusion that he might have only been responsible for a lesser charge. In other words, if the objective evidence allows that conclusion, why does it matter if he doesn't choose to go for the whole ballgame and say complete innocence? Is he obliged to concede guilt as to some aspect of the case in order to preserve the lesser included offense? Well, that is my understanding of... But why would that make sense? It would make sense because there would have to be some evidence from which the jury could conclude... But that's what I'm asking. If we posit that just looking at the actual evidence, regardless of what he argued, doubt about the legitimacy of the confessions because of a concern that it wasn't recorded, small quantity of drugs, not a huge amount of cash, just looking at that, if he had argued for a lesser included offense, we can posit that a jury rationally could have concluded that he was only guilty of possession, not intent to distribute. If you grant that, why should it matter for whether he's entitled to that instruction as to whether he chooses to concede possession or whether he chooses to assert complete innocence as to all offenses? I'm afraid, Judge Barron, I have to come back to the facts of the case, and the fact that the case did not admit of the inferences that I believe are necessary. But that's just an argument in which whether you make a complete defense of innocence is somewhat irrelevant, and we just look at the facts of the actual evidence to see whether it would rationally admit of a lesser included charge. I understand that argument. In your brief, I thought you were asking us to join the other circuits... We are. ...which suggest that even if independently that evidence would admit of such a rational interpretation, nonetheless, if you argue for complete innocence, you forfeit your right to the lesser included offense. My understanding of those cases, Judge Barron, is that the cases first look to what the defense evidence is presented by the defendant, and then as a backup, look as to whether the government's evidence would permit a lesser included offense instruction, which is why I keep coming back to the facts of this case, because in our view, if you stop at what the defendant said, I will quote you two quotes from his closing argument. One of them, those drugs was not found on me, period, page 134. Page 136, I did not possess drugs, and I did not intend to distribute them on October 25th, 2011. If you stop there, it is a defense of complete innocence with no factual basis for finding that there was possession, but without intent to distribute. But moving on to the government's case, which is probably appropriate under the unusual circumstances of this case, where the defendant was representing himself pro se, and where standby counsel did an admirable job of trying to protect his client. To start with Judge Thompson's question, isn't this just a tiny bit of cocaine, and couldn't the jury infer that it was intended for personal distribution? Well, if you do the math, the amount of cocaine that the defendant, crack cocaine that the defendant possessed, was worth $720. This is a man who is unemployed. So how is a man going to have that much valuable drug on his person? Second, his admissions when he came to the police station. He said he had come to Maine because he was unemployed and couldn't find a job, so he resorted to distributing drugs in order to make a living. Second, he was en route to Portland to sell what remaining drugs he had at the time the officers found him. Third, that he was scheduled to pick up additional drugs within a few days, that his source was from Boston. He described the transactions in manners that the officers testified are consistent with the method of operation of drug traffickers coming from Boston to Maine. Fourth, that he sold an ounce of cocaine per week. Fifth, that the money that was in his hotel room, and this is found at page 142 of the record, was the proceeds of drug sales. Don't we know that, if I understand it correctly, the first time the government put on its proof, the jury hung? My understanding of the record, Judge Kayada, is that one of the contributing factors to the hung jury was the defendant's obstreperous conduct. Well, do we know that? Don't we just have a hung jury? We do have a hung jury, but we have many, many bits of information in this record that what led to the hung jury the first time was the defendant's obstreperous conduct. But the fact remains that even if there was a hung jury the first time, it was in this trial in which the government was permitted to go forward a second time, and the second time the government put on all of the evidence that I have described, which is the amount of drugs that were found, the statements the defendant made, the amount of money that was found in the hotel room, all of which were consistent. Take all that proof. Suppose the defendant had done nothing, had not cross-examined anyone, did not present a closing or opening argument. The government put in all its proof. It seems to me that the jury would have before it the question of each element of the claim, including the aggravating element of distribution, and have to decide each of those elements, no matter what the defendant had argued. Correct. And what do you then say to Mr. Chekhatov's argument that the jury, a rational jury that wouldn't have to, but a rational jury could say, hmm, the physical evidence, we've got that, but this admission at the police station looks a little squirrely to me. It's not ideal, so we're going to compromise. They've got one juror who, why is that not at least a rational scenario? Well, because I think that the scenario that you are positing is really inconsistent with the principles of why lesser-included instruction should be given. And what you're suggesting, excuse me, Judge Chekhatov, is that this is really giving the jury an out. It's jury nullification. No, no, no, no. I'm saying they take to heart the judge's reasonable doubt instruction. They take to heart the instruction that they have to affirmatively find by reasonable doubt each part of the government's case. And we have a record here where there is two different sources of information which have at least rational potential for different inferences as to the degree of credibility. And if you have that, then... Then I come back to your question, Judge Chekhatov, at the outset. Doesn't that mean that a defendant is always entitled to a lesser-included instruction? Not in a case in which, imagine you had a case in which the evidence, like in Thornton in the D.C. Circuit, is a huge pile of heroin. How are you going to get a lesser-included offense? It's not plausible that he was just possessing it. So in that case, it would not be a rational inclusion. Here we happen to have physical evidence where I think at least theoretically one could say is rational from that physical evidence alone to conclude that a jury would say possession, yes, intent to distribute, I'm not sure beyond a reasonable doubt. Then we have statements by the defendant which certainly bolster the argument for concluding that he had an intent to distribute since he said so. But it's not physical evidence, it's not recorded, and so the jury rationally could doubt whether those statements were in fact made that were being attributed to him. In that circumstance, why wouldn't it be rational for a jury to say, I'm convinced of possession, but I have doubts about intent to distribute? And I think you're leaving out one critical element, Judge Barron, and that is the defendant's own statements to the jury. And that's what I'm trying to understand. Why does it undermine the rationality of the jury's determination? Just because a defendant quite rationally chooses to go for the whole ballgame and assert as he's entitled to do constitutionally that I'm innocent of everything. And I come back to the original point, which is doing away with the third prong of this Court's test. And if the Court is prepared to do that, this is not the case to do it, because in this case we have a flat-out denial by the defendant, and we have a circumstance – well, it's a direct case. The defendant admitting he's been distributing an ounce of cocaine a month. Suppose the prosecution got the lesser-included charge and was charged on both the heightened and the lesser offense? If the government had asked for it? Yes. Okay. And then the government argued in closing for the big enchilada, the heightened offense. Would that mean the government has waived, that we eliminate from the case, the lesser-included? That the government must present an argument, an either-or argument? I'm not sure I'm understanding your question, J.H. Gadd. Sure, if the government argues for complete inculpation, does it waive the lesser-included? How would that issue ever get to the Court? Because if the instruction were given, the government would have no basis for complaining before this Court. No, the defendant would complain when he was convicted of the lesser-included, and he would argue the government waived the lesser-included. Not our case. But I think the hypotheticals points out an oddity of the idea that the defendant, by arguing for their complete innocence, somehow has waived the right to have the lesser-included, because if they're seeking the lesser-included offense and they got that instruction, they would not be obliged to concede guilt as to any of it. No. So they could get the instruction and make the exact same argument to the jury that he made, which is I'm completely innocent of everything. Unless the argument is in order to get the lesser-included instruction, I have to concede guilt to the lesser-included offense, which cannot be right. Well, in all of the cases in the other circuits, and I understand you have to be persuaded by them, they're not binding, but in all of those other cases, the defendant admitted to something. Either the defendant admitted that he possessed child pornography, but he did not intend to distribute it, or the defendant admitted that he knifed somebody, but the person he knifed was not the person that was charged in the indictment. In each of the cases that the government has cited, the defendant admitted something. So completely innocent people don't get the right to a lesser-included offense. Well, if I may also point out the unique procedural posture of this case, which was, first of all, at the first trial, the defendant specifically asked not to have this instruction given. But that would be a way of that. Quite candidly, in your brief, you said you're not making that argument. But I think everything has to be considered in the context of the particular case in which the issue arises. Because if you're going to make good law, as you always do, you need to understand what the ramifications are. And to make the law in this case, that a defendant is always entitled to a lesser-included offense instruction, where his completely denied guilt is, in the government's view, to create a law that the court probably does not intend. It just seems to be at odds with what happens every day, which is people plead in the alternative. It just seems very much at odds with that notion. Well, and the defendant had the right to go for the gold in this one. The defendant had the right to say the police are lying, they put the confession in my mouth, they planted the drugs on my body, the money that I had was legitimate income. He had the right to go for the gold. The defendant didn't have an obligation to testify. I mean, the problem is, the evidence that was presented to the jury, was it rationally capable of an alternative theory? Perhaps, Judge Thompson, if the defendant had done absolutely nothing, there might be a possibility. But we have a defendant who gets up in front of the jury and says, I didn't possess drugs and I didn't intend to distribute them. Does that not tee up the issue for saying, either you completely believe the government's case or you completely believe the defendant's case, but you can't compromise when there is nothing to suggest that he possessed it purely for his own use. That's the government's point, that you have to look at the facts of the case in order to make the right law. And under the circumstances of this case, where you have a defendant specifically telling the jury, I didn't do anything, it's all a police lie, that is not the circumstance under which to say, the defendant who does not request a lesser-included offense instruction is entitled to get one. Suppose the judge had granted the request for the instruction. Would that have been error in the government's view? Oh, I'm sure we wouldn't have been happy about it. But that's not what my question is. Could a judge allow the instruction? A judge could have. So that's, I guess, what just is puzzling about this. Because in that setting, the defendant would have done exactly what he did in this case. There would have been an instruction on a lesser-included offense, which must suggest that a jury is capable of understanding that a defendant who is arguing for complete innocence but has also sought instruction on a lesser-included offense might be making a kind of alternative argument. I'm completely innocent, but given the evidence, if you think it's only possession, that's enough. And I just don't, it's hard to understand if that could happen, the judge could allow that to happen, why in this circumstance does it seem irrational for us to conclude he's entitled for a jury to be able to conclude that the lesser-included offense was all that he was guilty of? Two answers to your question, Judge Barron. One answer to the question is that if the instruction were improperly given, that would not be an issue on appeal because that would be to the government's detriment and we would not have the right to appeal it. But second, it would fit only if, given that instruction, the defendant said, okay, the judge has charged you that you have the option of, you have three options. You have the option of finding me guilty as charged, guilty of the lesser-included offense, or not guilty at all. But there's something to put the issue of the lesser-included offense in play. And there is nothing in this case to put the lesser-included offense in play. I'm really puzzled here because you're saying, if he had simply stood up and all he'd said is, I want to make two points to you. One is, I didn't possess it. Second point is, I'm not a distributor and I wasn't distributing it and sat down. Does he get to have the instruction? In our view, no. In our view, no. He's got to fess up to one element or the other? In our view, yes. And in the government's view, that is very consistent with the third part of this court's test, which the court has consistently applied, which is whether a rational jury could convict the defendant of a lesser offense but acquit him of the greater offense. And on the evidence of this case, the jury didn't have that option. They had one or three. They did not have two. Same hypothetical. Supposed he'd said, and if you don't buy the first point, then at least find this. Then does he get it? Then he could have gotten it, yes. So his failure to phrase it just that little way makes the difference? Well, it's not a failure. That's not just a minor misstep, I don't think, Judge Cayetta. I think that is a tactical decision to go for either one or three and leave out two because two amounts to a compromise verdict, and the defendant doesn't want a verdict of any guilt. What he wants is not guilty of everything. So for him to get that instruction, he has to admit something that permits the jury to find the alternative in between not guilty of anything or guilty as charged. But doesn't a defendant have a right to say, I don't want a lesser included instruction? Of course he does. Okay. But then he can't complain that one is not given. That's right. But the defendant has a right to request a lesser included if the evidence bears it out. That's correct. He has a right to request it. In this case, he didn't. But his attorney did. He did. His attorney did, and under the circumstances of the case and in light of the evidence before him and applying the three-part test that is applied in this court, the judge, as a matter of informed legal judgment, decided it was not warranted in line with the other authorities from the other circuits. Well, the judge didn't say that. The judge didn't say that. The judge just said in the first trial he didn't ask for it, so I don't think he really wants it. Well, that's not the only thing, Judge Thompson. The judge also pointed out that the defendant was permitted to review the jury instructions before they were given, and he noted no objection to it. The defendant personally, in the second trial, was given an opportunity to review the jury instructions. He did not object to any of them, and he did not ask for a lesser-included offense instruction. So in terms of what the defense counsel very candidly said, that he had had a conversation with the defendant in the lockup that he didn't want to explain to the judge for very good reason and that he had no authorization from his client to request that instruction. So we have an additional wrinkle here of the defendant, on the record, not wanting the instruction, his attorney very conscientiously trying to preserve the record and asking for the instruction, and then the facts, as we've discussed many times, which do not support the giving of the instruction. So again, this is an instance in which the instruction was appropriately withheld because the defendant personally had not wanted it. The court has other questions. I'd be happy to answer them. I have gone way over my time. I hope it's with the court's indulgence, but the government would urge the court to affirm. Thank you.